1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7
8    RICHARD A. DEAN,                    )    No. C 09-1926 JSW (PR)
                                         )
9              Petitioner,               )
                                         )
10       vs.                             )    **ORDER TO SHOW CAUSE**
                                         )
11   B. CURRY, Warden,                   )
                                         )    (Docket No. 3)
12             Respondent.               )
                                         )
13   _____    )

14
15                         **INTRODUCTION**

16         Petitioner, a prisoner of the State of California, currently incarcerated at the

17   Correctional Training Facility in Soledad, California, has filed a habeas corpus petition

18   pursuant to 28 U.S.C. § 2254 alleging constitutional violations in his parole denial by the

19   Board of Parole Hearings ("BPH").  Petitioner has filed a motion to proceed *in forma*

20   *pauperis*, which is now GRANTED (docket no. 3).  This order directs Respondent to

21   show cause why the petition should not be granted.

22                         **BACKGROUND**

23         According to the petition, Petitioner was convicted of second degree murder on a

24   plea of guilty in Los Angeles County Superior Court in 1991 and was sentenced to 15

25   years-to-life in state prison.  In this habeas action, Petitioner does not challenge his

26   conviction, but instead challenges the execution of his sentence.  Petitioner contends that

27   the BPH decision to deny him parole violates his federal equal protection and due

28   process rights.  He alleges that he has exhausted state judicial remedies as to all of the

1  claims raised in his federal petition.

2  **DISCUSSION**

3  I      Standard of Review

4      This court may entertain a petition for a writ of habeas corpus "in behalf of a

5  person in custody pursuant to the judgment of a State court only on the ground that he is

6  in custody in violation of the Constitution or laws or treaties of the United States."  28

7  U.S.C. § 2254(a).

8      It shall "award the writ or issue an order directing the respondent to show cause

9  why the writ should not be granted, unless it appears from the application that the

10  applicant or person detained is not entitled thereto."  *Id.* § 2243.

11  II     Legal Claims

12      Petitioner alleges that his equal protection and due process rights were violated by

13  the BPHs decision to deny him parole.  *See Board of Pardons v. Allen*, 482 U.S. 369

14  (1987); *see, e.g., Superintendent v. Hill*, 472 U.S. 445 (1985); *McQuillion v. Duncan*,

15  342 F.3d 1012, 1015 (9th Cir. 2003); *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir.

16  2003).   Liberally construed, the allegations are sufficient to warrant a response from

17  Respondent.

18  **CONCLUSION**

19      *For the foregoing reasons and for good cause shown,*

20      1.  The Clerk shall serve by certified mail a copy of this order and the petition, and

21  all attachments thereto, on Respondent and Respondent's attorney, the Attorney General

22  of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

23      2.  Respondent shall file with the Court and serve on Petitioner, within **sixty (60)**

24  days of the issuance of this order, an answer conforming in all respects to Rule 5 of the

25  Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

26  not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all

27  portions of the state record that have been transcribed previously and that are relevant to a

28

2

determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

DATED:  October 8, 2009

_____
JEFFREY S. WHITE
United States District Judge

1
UNITED STATES DISTRICT COURT

2
FOR THE

3
NORTHERN DISTRICT OF CALIFORNIA

4

5

6
RICHARD A. DEAN,

Case Number: CV09-01926 JSW

7
Plaintiff,

**CERTIFICATE OF SERVICE**

8
v.

9
B. CURRY et al,

10
Defendant.
_____/

11

12
I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

13
That on October 8, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
14
said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

15

16

17
Richard A. Dean
E87707
18
P.O. Box 689
Soledad, CA 93960

19

Dated: October 8, 2009
20

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

21

22

23

24

25

26

27

28