1

2

3

4

5

6

7

8

9            IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

RICHARD A. DEAN,                    )       No. C 09-1926 LHK (PR)
12                                       )
                     Petitioner,         )
13                                       )       ORDER DENYING PETITION FOR WRIT
   vs.                                   )       OF HABEAS CORPUS; DENYING
14                                       )       CERTIFICATE OF APPEALABILITY
                                         )
15  WARDEN B. CURRY,                     )
                                         )
16                   Respondent.         )
   _____      )
17

18        Petitioner, a state prisoner proceeding *pro se*, sought a writ of habeas corpus pursuant to

19  28 U.S.C. § 2254 challenging a 2007 decision by the California Board of Parole Hearings

20  ("Board") finding him unsuitable for parole.  Respondent was ordered to show cause why the

21  writ should not be granted.  Respondent has filed an answer, along with a supporting

22  memorandum of points and authorities and exhibits.  Petitioner then filed a traverse.  Thereafter,

23  Petitioner filed a supplemental petition,[1] and the Court directed further briefing.  Respondent

24  filed a supplemental answer, and Petitioner filed a supplemental traverse.[2]  For the reasons set

25  _____

26      [1] On November 8, 2010, this Court dismissed Petitioner's section 2254 petition in *Dean
    v. Grounds*, No. 09-5223 LHK, as duplicative, and ordered that the petition be filed as a
27  supplemental petition in this instant case.

28
        [2] Petitioner's motion for enlargement of time to file his supplemental traverse is granted.

   Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
   P:\PRO-SE\SJ.LHK\HC.09\Dean926hcden.wpd

1   forth below, the petition for a writ of habeas corpus is DENIED.

## BACKGROUND

3   On January 21, 1991, Petitioner was sentenced to 15 years to life after being convicted of

4   second degree murder in Los Angeles Superior Court.  (Petition at 2.)  On December 4, 2007, the

5   Board found Petitioner unsuitable for parole.  Petitioner then filed unsuccessful state habeas

6   petitions in all three levels of state court.  On May 4, 2009, Petitioner filed the instant petition.

## DISCUSSION

8   As grounds for relief, Petitioner claims that the Board's decision to deny him parole

9   violated: (1) his right to due process, (2) his right to equal protection, and (3) the terms of his

10  plea agreement.

11  A.   Standard of Review

12  A district court may not grant a petition challenging a state conviction or sentence on the

13  basis of a claim that was reviewed on the merits in state court unless the state court's

14  adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an

15  unreasonable application of, clearly established Federal law, as determined by the Supreme

16  Court of the United States; or (2) resulted in a decision that was based on an unreasonable

17  determination of the facts in light of the evidence presented in the State court proceeding."  28

18  U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law

19  and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong

20  applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340

21  (2003).

22  A state court decision is "contrary to" Supreme Court authority, that is, falls under the

23  first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that

24  reached by [the Supreme] Court on a question of law or if the state court decides a case

25  differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams*

26  *(Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme

27  Court authority, that is, falls under the second clause of § 2254(d)(1), if it correctly identifies the

28  governing legal principle from the Supreme Court's decisions but "unreasonably applies that

Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
P:\PRO-SE\SJ.LHK\HC.09\Dean926hcden.wpd        2

1   principle to the facts of the prisoner's case." *Id.* at 413.  The federal court on habeas review may

2   not issue the writ "simply because that court concludes in its independent judgment that the

3   relevant state-court decision applied clearly established federal law erroneously or incorrectly."

4   *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the

5   writ. *See id.* at 409.

6       "Factual determinations by state courts are presumed correct absent clear and convincing

7   evidence to the contrary." *Miller-El*, 537 U.S. at 340.  Under 28 U.S.C. § 2254(d)(2), a state

8   court decision "based on a factual determination will not be overturned on factual grounds unless

9   objectively unreasonable in light of the evidence presented in the state-court proceeding."

10  *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).  The

11  standard of review under AEDPA is somewhat different where the state court gives no reasoned

12  explanation of its decision on a petitioner's federal claim, and there is no reasoned lower court

13  decision on the claim.  In such a case, a review of the record is the only means of deciding

14  whether the state court's decision was objectively reasonable. *See Plascencia v. Alameida*, 467

15  F.3d 1190, 1197-98 (9th Cir. 2006).

16  B.    Analysis

17        1.    Due Process

18        Petitioner argues that the Board's determination of unsuitability for parole was based

19  upon improper grounds, that there was insufficient evidence to conclude that his release would

20  unreasonably endanger public safety, and that the Board should have considered or set a term of

21  release.  In order to comport with due process, a prisoner is only entitled to "an opportunity to be

22  heard and [be] provided a statement of the reasons why" parole was denied. *Swarthout v. Cooke*,

23  131 S. Ct. 859, 861 (2011) (per curiam); *see Greenholtz v. Inmates of Neb. Penal and*

24  *Correctional Complex*, 442 U. S. 1, 7 (1979) ("There is no right under the Federal Constitution

25  to be conditionally released before the expiration of a valid sentence, and the States are under no

26  duty to offer parole to their prisoners.").  Moreover, a federal habeas court cannot review

27  sufficiency of the evidence claims to analyze whether "some evidence" supports the Board's

28  decision to deny parole. *See Swarthout*, 131 S. Ct. at 861.  "Because the only federal right at

1    issue is procedural, the relevant inquiry is what process [Petitioner] received, not whether the

2    state decided the case correctly." *Id.* at 863.  Regardless of which particular factors were

3    considered or relied upon by the Board, Petitioner was provided an opportunity to rebut their

4    validity, and given an explanation of the Board's ultimate decision.  Those were the only due

5    process rights to which he was entitled.  Thus, Petitioner's due process claim is denied.

6            2.      Equal Protection

7            Petitioner claims that the Board violated his equal protection rights when they failed to

8    consider a parole release date for him under California Penal Code § 3041(a), but set an

9    immutable release date for Mikael Schiold, a Swedish national.  Petitioner argues that Schiold

10   received a specific release date when his term was set without him first having been found

11   suitable for parole under § 3041(b).  The state had apparently entered into a settlement

12   agreement with Schiold that provided for his transfer to his home country and for his release

13   from prison on a date certain.  (Petition, Ex. J.)

14           An equal protection claim may be brought by a "class of one" when a petitioner alleges

15   he has been treated differently from others similarly situated and that there is no rational bases

16   for the difference in treatment.  *SeaRiver Maritime Financial Holdings, Inc. v. Mineta*, 309 F.3d

17   662, 679 (9th Cir. 2002).  Under the rational basis test, the action does not violate equal

18   protection if there is "any reasonably conceivable state of facts that could provide a rational basis

19   for the classification." *Id.*

20           Here, Petitioner is not similarly situated to the other prisoner.  He has not been granted a

21   writ of habeas corpus, as Schiold had, and the State has not appealed.  That is, in Petitioner's

22   case, there is no reason for the state to enter into a compromise as it apparently did with Schiold.

23   Thus, there is a rational basis for treating the two differently.  *See Village of Willowbrook v.*

24   *Olech*, 528 U.S. 562, 564-65 (2000) (per curiam) (holding that a "class of one" claim requires

25   only that action be irrational and arbitrary, rather than requiring discriminatory intent); *see, e.g.*,

26   *Marroquin v. Curry*, No. 08-3153 PJH, 2010 WL 13338140, *3 (N.D. Cal. 2010) (rejecting a

27   similar equal protection claim wherein the petitioner compared his situation to Mikael Schiold);

28   *Mendez v. Curry*, No. C 08-4685 JW, 2010 WL 1240755, *6 (N.D. Cal. 2010) (same); *Snider v.*

1    *Curry*, No. 07-4311 PJH, 2007 WL 4106254, *1-2 (N.D. Cal. 2007) (same).

2            Petitioner also claims that the Board's failure to consider or set a primary term for him

3    violated his right to equal protection.  However, under California law, a life prisoner such as

4    Petitioner must first be found suitable for parole before a parole date is set.  *See In Re Stanworth*,

5    33 Cal. 3d 176, 183 (1982).  Where, as here, the life prisoner has not been found suitable for

6    parole, there is no obligation to set a parole release date.[3]  *See generally In re Dannenberg*, 34

7    Cal. 4th 1061, 1070-71 (2005); 15 Cal. Code Regs. § 2403(a) ("[t]he panel shall set a base term

8    for each life prisoner who is found suitable for parole").  Because Petitioner has not been found

9    suitable for parole, the Board's failure to consider setting a term does not violate Petitioner's

10   federal constitutional rights.

11

12   _____

13          [3]  The Court notes that Petitioner points to a Superior Court order regarding another
     inmate by the name of Robert Rosenkrantz in support of his claim that the Board's action against
14   setting a term for Petitioner merely because he was not suitable for parole was arbitrary.
     Petitioner claims that Rosenkrantz was found unsuitable for parole yet the Board set a prison
15   term. (Petition at 6r and Ex. K.)  Petitioner argues that he has a right to that same result.

16          The relevant portion of the order reads, "[Rosenkrantz] was found suitable for parole on
     June 18, 1996, but a review unit later disapproved of the parole grant.  At subsequent hearings in
17   1996, 1997 and 1998, [Rosenkrantz] was found unsuitable for parole based on the gravity of his
     offense.  On September 9, 1999, petitioner *was found unsuitable for parole but the panel set his
18   prison term.*  On November 18, 1999, Governor Davis reversed [Rosenkrantz's] parole grant.
     On June 30, 2000, a new panel found [Rosenkrantz] suitable for parole . . ." (Petition, Ex. K at
19   3.) (Emphasis added.)  In this context, it appears that the Superior Court order contains a
     typographical error and that, in fact, in 1999, contrary to Petitioner's assertion, Rosenkrantz was
20   found suitable for parole prior to the panel setting a prison term.
21          However, even assuming that the Board found Rosenkrantz unsuitable for parole in 1999
     yet still set a prison term, the Court is not persuaded by Petitioner's argument.  Petitioner still
22   bears the burden or proving that he "has been intentionally treated differently from others
     similarly situated and that there is no rational basis for the difference in treatment." *SeaRiver
23   Maritime Financial Holdings, Inc.*, 309 F.3d at 679.  Here, Petitioner does not allege that no
     rational basis existed for the different treatment, nor does he allege that the difference in
24   treatment was intentional. *Village of Willowbrook*, 528 U.S. at 564.  Further, he fails to
     demonstrate that other similarly situated prisoners, i.e., prisoners convicted of second degree
25   murder based on similar circumstances, have been found unsuitable for parole and still had a
26   prison term set. *See McQueary v. Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991) (recognizing that
27   a mere demonstration of inequality is insufficient and that "the Fourteenth Amendment
     guarantees equal laws, not equal results").  In fact, he fails to show that even Rosenkrantz was
28   similarly situated to him.  Thus, his claim fails.

     Order Denying Petition for Writ of Habeas Corpus; Denying Certificate of Appealability
     P:\PRO-SE\SJ.LHK\HC.09\Dean926hcden.wpd          5

1          3.          Plea agreement

2          Petitioner claims that the Board's refusal to set a term of release violated his plea

3    agreement.  Specifically, he argues that he agreed to plead guilty with the understanding that he

4    would be sentenced to 15 years to life "with the promise of parole," and that he would be

5    released on parole "after serving the appropriate amount of time."  (Docket no. 9, "Supplemental

6    Petition," at 6a.)  The relevant portions of the plea colloquy reveal that Petitioner acknowledged

7    that in exchange for his guilty plea, he would be sentenced to 15 years to life, and, "after serving

8    the appropriate amount of time in state prison," Petitioner would be released on parole.

9    (Supplemental Petition, Ex. B at 7.)

10          "Plea agreements are contractual in nature and are measured by contract law standards."

11    *Brown v. Poole*, 337 F.3d 1155, 1159 (9th Cir. 2003) (*quoting United States v. De la Fuente*, 8

12    F.3d 1333, 1337 (9th Cir. 1993)).  Although a criminal defendant has a due process right to

13    enforce the terms of a plea agreement, *see Santobello v. New York*, 404 U.S. 257, 261-62 (1971),

14    Petitioner has not provided any evidence that there was a term of the plea agreement that has

15    been breached.

16          Insofar as he means that there was an agreement for his release after "the appropriate

17    amount of time," the claim fails because Petitioner provided no evidence that his plea bargain

18    included a promise that he would be released on parole after he reached any specific number of

19    years in custody.  In California, an indeterminate sentence is effectively a sentence for the

20    maximum term unless the Board acts to fix a shorter term.  *See In re Dannenberg*, 34 Cal. 4th

21    1061, 1097-98 (2005).  The plea colloquy clearly reflects that Petitioner agreed to an

22    indeterminate sentence of 15 years to life on the second degree murder conviction.

23    (Supplemental Petition, Ex. B at 4.)  Petitioner's 15-to-life sentence has a life maximum and his

24    plea bargain subjected him to possible life imprisonment.  To the extent Petitioner argues in his

25    traverse that he received nothing in consideration of his guilty plea, the Court disagrees.

26    Petitioner did receive a lesser sentence, in that a first degree murder conviction would have

27    resulted in a life sentence with a minimum of 25 years instead of 15 years.  (Supplemental

28    Petition at 6e, Ex. B at 3-4, 10.)  Accordingly, the state court's rejection of Petitioner's claim

1   that his plea agreement was breached was not contrary to, nor an unreasonable application of,

2   clearly established Supreme Court authority.

3                            **CONCLUSION**

4         The petition for a writ of habeas corpus is DENIED.

5         Petitioner has failed to make a substantial showing that his claims amounted to a denial

6   of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his

7   claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no

8   certificate of appealability is warranted in this case.

9         The Clerk shall enter judgment and close the file.

10         IT IS SO ORDERED.

11   DATED: __3/28/11_____

                            LUCY H. KOH

12                            United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28